UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

OSAHAN SERAMEN OMORUYI, §
TDCJ #01683948, §
§
  Petitioner §
VS. § CIVIL ACTION NO. 3:18-CV-0151
§
UNITED STATES OF AMERICA §

## MEMORANDUM AND ORDER

Petitioner Osahan Seramen Omoruyi is an inmate confined in the Texas
Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). Omoruyi
has filed a "Motion Requesting an Order for Appeal of a Deportation Order" (Dkt. 1),
which the Clerk docketed as a petition for habeas corpus in the Galveston Division. To
date, Petitioner has not paid the filing fee or been granted leave to proceed *in forma
pauperis*. The Court screens this case to determine whether the Court may exercise
subject matter jurisdiction. *See Trinity Marine Prod., Inc. v. U.S.*, 812 F.3d 481, 486 (5th
Cir. 2016) (a federal court has jurisdiction to determine its own jurisdiction). After
considering the pleadings and the publicly available records, the Court concludes that this
case must be dismissed without prejudice.

Omoruyi's handwritten pleading seeks relief from a "deportation order."
However, he is not in the custody of Immigration and Customs Enforcement ("ICE").
Rather, according to publicly available records, he is in the custody of TDCJ, serving a
twelve-year sentence for a 2010 conviction for compelling prostitution, Case No.

1220772, 338th District Court of Harris County. *See* Offender Information, located at

https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited May 30, 2018).

Omoruyi's pleadings do not seek relief from the Harris County conviction. Rather,

he alleges that he was "deprived of due process when Immigration and Customs

Enforcement entered a contract to deport applicant" and that he "did not have a translator

during the deportation proceeding" (Dkt. 1, at 1-2). He seeks a "stay and order the

deportation to be void" and the "chance to file [a] N-600," which is a form used to seek a

certificate of citizenship (*id*. at 2). He does not provide the date of, or any other

information about, any orders from immigration authorities.

To the extent that Omoruyi seeks habeas relief from an order of removal or

deportation, this Court lacks jurisdiction. After a deportation or removal hearing before

an immigration judge, a litigant may appeal an adverse decision to the Board of

Immigration Appeals ("BIA"). The BIA renders the final agency decision. Federal court

review of the BIA decision is governed by the REAL ID Act of 2005, which provides

that the "sole and exclusive means for judicial review of an order of removal" is "a

petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5).

> The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review. 8 U.S.C. § 1252(a)(5); *see also Rosales v. Bureau of Immigration & Customs Enforcement,* 426 F.3d 733, 735–36 (5th Cir. 2005). The general grant of appellate jurisdiction is found in 8 U.S.C. § 1252(a)(1), which establishes "[j]udicial review of a final order of removal." An order of removal becomes "final" when the BIA affirms an IJ's finding of removability or when the time for appealing the IJ's decision has expired. 8 U.S.C. § 1101(a)(47)(B). We may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. 8 U.S.C. § 1252(d)(1).

*Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). A habeas corpus petition under 28 U.S.C. § 2241 is not available to challenge an order of removal. 8 U.S.C. § 1252(a)(5).

Under the REAL ID Act, the Court has no authority to consider Omoruyi's proposed claims concerning a "deportation order." Therefore it is **ORDERED** that this suit is **DISMISSED** without prejudice for lack of jurisdiction.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 31st day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge